UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ROHAN COUSINS,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL FODER (shield # 17145), LIEUTENANT DENNIS FERBER (retired), POLICE OFFICER WILSON CARO (tax # 945556),

Defendants.

---------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

15 CV 4498 (ARR) (JO)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff alleges that the City of New York and three New York City Police Officers of the 70th Precinct violated his rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution by falsely arresting him, using excessive force against him, denying him a fair trial and maliciously prosecuting him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

**JURY TRIAL**

4. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

**PARTIES**

5. Plaintiff is a resident of the State of New York, County of Queens.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The individual defendants are members of the New York City Police Department ("NYPD"). The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

**STATEMENT OF FACTS**

8. On July 7, 2014, at approximately 12:30 a.m., plaintiff, after having attended a BBQ, was talking with some friends in front of 529 East 22nd Street in Brooklyn, New York.

9. At all relevant times, plaintiff, who is gainfully employed and does not have a criminal record, was not engaged in illegal activity and was not acting in a suspicious manner.

10. While plaintiff leaving the location with another individual, New York City Police Officer Michael Foder, Lieutenant Dennis Ferber (retired) and Police Officer Wilson Caro of the 70th Precinct walked up to plaintiff without legal justification and placed plaintiff and the individual he was walking with under arrest.

11. Officer Foder has been the subject of numerous complaints of police misconduct and, prior to this incident, was sued for civil rights violations in *Lormil v. City of*

*New York*, 14 CV 0549 (E.D.N.Y.), *Pellisier v. City of New York,* 13 CV 6506 (E.D.N.Y.), *Cohen v. City of New York*, 13 CV 5701 (E.D.N.Y.), *Paul v. City of New York*, 12 CV 0250 (E.D.N.Y.), *Beckford v. City of New York*, 12 CV 1636, and *St. Fleur v. City of New York*, 11 CV 2168 (E.D.N.Y.). Officer Caro, prior to violating plaintiff's civil rights, was sued for civil rights violations in *Barker v. City of New York*, 13 CV 1734 (E.D.N.Y.) and *Burton, et. al. v. City of New York*, 14 CV 2902 (E.D.N.Y.). Lieutenant Ferber, prior to violating plaintiff's civil rights, was sued for civil rights violations in *French v. City of New York*, 09 CV 5574 (E.D.N.Y.) and *George v. City of New York*, 13 CV 3108 (E.D.N.Y.).

12. After handcuffing plaintiff, Officer Foder slammed the nonresisting plaintiff onto the ground and, while plaintiff was on the ground, hit plaintiff in his mouth, face and ribs with an unidentified object.

13. Lieutenant Ferber and Officer Caro observed plaintiff's rights being violated by Officer Foder, but they failed to protect plaintiff.

14. Officer Foder's use of excessive force caused plaintiff significant pain and caused plaintiff to suffer numerous physical injuries, including a broken tooth, abrasions to his left shoulder and contusions to his face, jaw and ribs.

15. Plaintiff's injuries required medical and dental treatment, including a root canal and a dental crown.

16. Plaintiff has significant scarring to his left shoulder as a result of being slammed onto the ground by Officer Foder.

17. After arresting and beating plaintiff, Officer Foder, Lieutenant Ferber and Officer Caro had plaintiff transported to the 70th Precinct where they falsely charged plaintiff with disorderly conduct, obstructing governmental administration and resisting arrest.

Specifically, the defendants alleged that plaintiff, among other things, refused a lawful order to disperse, interfered with Officer Foder's attempts to remove other individuals from the location, bumped into Foder, and resisted arrest by flailing his arms, kicking and trying to spit on Foder.

18. While plaintiff was in police custody, he was taken by ambulance to Maimonides Hospital.

19. After plaintiff received medical treatment and after plaintiff's arrest paperwork was completed, plaintiff was transported to Brooklyn Central Booking.

20. While plaintiff was incarcerated in Brooklyn Central Booking, Officer Foder maliciously misrepresented to the Kings County District Attorney's Office that plaintiff had engaged in disorderly conduct, obstructed governmental administration and resisted arrest.

21. Lieutenant Ferber and Officer Caro knew that Officer Foder was making these misrepresentations to the District Attorney's Office in an effort to have plaintiff prosecuted, but they failed to protect plaintiff.

22. During his meeting with prosecutors, Officer Foder maliciously signed and swore to the accuracy of a criminal court complaint falsely charging plaintiff with disorderly conduct and resisting arrest.

23. On July 8, 2014, after being held in custody for 38 hours and two minutes, plaintiff was arraigned in New York City Criminal Court, Kings County, and released on his own recognizance.

24. Plaintiff made numerous court appearances after his arraignment.

25. During a court appearance on April 16, 2015, the criminal case filed against plaintiff was dismissed.

26. Defendants' illegal conduct caused plaintiff to suffer emotional distress, humiliation, embarrassment, substantial inconvenience, a loss of liberty, pain, physical injuries including a broken tooth, abrasions, bruises, contusions, swelling, and scarring. Plaintiff also incurred medical, ambulance and dental expenses totaling $4,230.18 because of defendants' conduct. Plaintiff seeks reasonable compensatory and punitive damages in an amount to be determined by a jury.

**FIRST CLAIM**

**(§ 1983; FALSE ARREST)**

(Against All Defendants)

27. Plaintiff repeats the foregoing allegations.

28. Defendants, acting under color of state law, arrested and imprisoned plaintiff without legal justification or probable cause in violation of § 1983 and the Fourth Amendment.

29. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

30. Defendants' conduct caused plaintiff to suffer a loss of liberty, emotional distress and other personal injuries.

31. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

**(§ 1983; UNREASONABLE FORCE)**

(Against All Defendants)

32. Plaintiff repeats the foregoing allegations.

33. Defendants, acting under color of state law, used force upon plaintiff which was objectively unreasonable in violation of § 1983 and the Fourth Amendment.

34. Defendants' conduct caused plaintiff to suffer pain, physical injuries, significant scarring, emotional distress, financial loss and other personal injuries.

35. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

**(§ 1983; MALICIOUS PROSECUTION)**

(Against All Defendants)

36. Plaintiff repeats the foregoing allegations.

37. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiff had violated the law and initiated a prosecution against plaintiff which terminated in plaintiff's favor.

38. Defendants' conduct violated § 1983 and the Fourth Amendment.

39. Defendants' conduct caused plaintiff to suffer a loss of liberty, emotional distress and other personal injuries.

40. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

**FOURTH CLAIM**

**(§ 1983; DENIAL OF A FAIR TRIAL)**

(Against All Defendants)

41. Plaintiff repeats the foregoing allegations.

42. Defendants, acting under color of state law, maliciously misrepresented to prosecutors that plaintiff had violated the law in violation of § 1983 and the Sixth Amendment.

43. Defendants' conduct caused plaintiff to suffer a loss of liberty, emotional distress and other personal injuries.

44. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

**FIFTH CLAIM**

**(§ 1983; FAILURE TO INTERVENE)**

(Against All Defendants)

45. Plaintiff repeats the foregoing allegations.

46. Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Sixth Amendments, but they failed to fulfill their constitutional obligation to intervene.

47. Defendants' conduct caused plaintiff to suffer a loss of liberty, physical injuries, significant scarring, emotional distress, financial loss and other personal injuries.

48. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

**SIXTH CLAIM**

**(§ 1983; MUNICIPAL LIABILITY)**

(Against the City of New York)

49. Plaintiff repeats the foregoing allegations.

50. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

51. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

52. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

53. In fact, prior to violating plaintiff's civil rights, Officer Michael Foder was sued for civil rights violations in *Lormil v. City of New York*, 14 CV 0549 (E.D.N.Y.), *Pellisier v. City of New York*, 13 CV 6506 (E.D.N.Y.), *Cohen v. City of New York*, 13 CV 5701 (E.D.N.Y.), *Paul v. City of New York*, 12 CV 0250 (E.D.N.Y.), *Beckford v. City of New York*, 12 CV 1636, and *St. Fleur v. City of New York*, 11 CV 2168 (E.D.N.Y.).

54. Officer Caro, prior to violating plaintiff's civil rights, was sued for civil rights violations in *Barker v. City of New York*, 13 CV 1734 (E.D.N.Y.) and *Burton, et. al. v. City of New York*, 14 CV 2902 (E.D.N.Y.).

55. Lieutenant Ferber, prior to violating plaintiff's civil rights, was sued for civil rights violations in *French v. City of New York*, 09 CV 5574 (E.D.N.Y.) and *George v. City of New York*, 13 CV 3108 (E.D.N.Y.).

56. The City of New York, recognizing that the aforesaid lawsuits had merit, settled each of them.

57. Despite having the above knowledge, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly investigate prior allegations of police misconduct made against the defendants and other officers and failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

58. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

59. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: November 4, 2015

__/s/____________________________

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391